The opinion of the court was delivered by
Nevius, J.
I will consider these reasons in the order presented. And as to the first, that there was no lawful notice of the application for the appointing of commissioners. The case admits that a written notice of the time and place of such application signed by the secretary of the company and dated the 19th of July, 1841, addressed to each one of the plaintiffs, was served the day of its date upon each, and that such service was twenty days prior to the time fixed for the appointment. But it is objected to this notice that it is addressed separately to each and designates the land described by the engineer as “ his land.” There is no error in this, the object of the application was to get *233 a valuation of the “ land” (such is the language of the act) not of the interest of the owner. And the act directs notice to the persons interested. Although each of the plaintiffs may have had a distinct interest in the land, yet it was an interest in the whole ; and in the notice to each, the land without violence to the truth, might be designated as “ his land.”
In regard to the second reason that the right of Martha Ross had before been decided. The statute required the notice to be given to the owners. Martha Ross had an estate for life in the lands required, and that estate had not been extinguished by the former award. The defendants did not by that award and the payment of the money acquire her title; if they acquired any thing it was only the right to use and possess the land. Her title as tenant for life remained and if the road had been abandoned or the charter forfeited her right to resume possession would not have been questioned. But in truth the defendants acquired nothing by the former award, they were not permitted to take possession for they liad no assessment as against all the owners. The proceedings under the first commission may have been considered a nullity affecting nothing except putting $1300 in the pocket of Martha Ross. But whatever may have been the defendants’ rights under the former award, by their proceeding in this case they waived such rights and treated the former award as a null and void proceeding for want of proper parties. I think the defendants in making her a party acted not only legally but with commendable caution, But admitting that the former award had settled the respective rights of the defendants and Mrs. Ross and that they are to be considered as res judicatce, yet her being made a party in the proceeding would not warrant us in setting aside this report. For if the defendants chose to remunerate her twice rather than incur the delay and hazard of exceptions for not making her a party, they had a right to do so. And if she does not choose to accept their bounty let her return it, this will in no wise affect the interest of the other plaintiffs. I cannot say the defendants erred in making her a party.
The third objection, to wit, that the commissioners did not take and subscribe the oath required by law is not sustained by the facts proved. The ease agreed to by counsel shows that they took the oath as commissioners and the paper sent up signed by *234 them contains the substance and form of the oath administered and has also the jurat annexed and signed by the justice. The error of the justice in giving it the form of a certificate does not sustain the objection.
The next objection is that there was no lawful notice given to the plaintiffs of the meeting of the commissioners nor any lawful proof of such notice. The case shows that on the 11th of August 1841, the company caused notices signed by their secretary to be addressed to and served on each of the plaintiffs respectively. And such notice in writing is produced, naming the place of meeting and fixing the 2d of September as the time. But it is said that’ the commissioners should have given this notice. I find no such requirement in the act and consider the notice, by the defendants as lawful and sufficient. Nor does the act require that the commissioners shall appoint the time and place of meeting; if the company appointed or named the time and place and gave due notice and the commissioners did actually meet at such time and place, it may be esteemed their own appointment.
The sixth and seventh objections may be considered altogether, viz : That the estates and interests of the plaintiffs are various and the commissions and proceedings should have been several and not joint, and that the several rights of the plaintiffs are disregarded in this award of the commissioners. To test the force of this objection let us again refer to the act. It provides that where the company cannot agree with the owner or owners of the lands required, a description shall be given of such land and notice to the owner or owners of the appointment of commissioners to appraise the land and assess the damages the company are to pay for taking it. And the commissioners are to estimate the value of the land so taken and make an assessment of the damages. The legislature did not require the commissioners to estimate the value of the' interest which the several owners, (where there were more than one,) of the described land might respectively have in it, nor to assess the damages which such owners might respectively sustain, but they required them to estimate the value of the whole land and the whole value of the land so described and to assess the damages resulting to all the owners and not to each one separately. Neither the company nor.the commissioners have any thing to do with the amount and quantity of *235 estate and interest which each owner has in the land required. It is true the company must ascertain who has an interest or who are the owners, in order that they may be notified to attend at the appointment of commissioners, and also at the meeting of the commissioners. But I find nothing in the act to warrant the idea that there should be a separate commission to value the interest of each owner in the land. In ordinary cases where the owners are either joint tenants or tenants in common it would perhaps not be difficult to determine the proportion of the award to which each is entitled. .But in a case like the present where the interest are as the plaintiffs say “ various, separate and distinct, of divers rights, character and proportions and of divers duration and time of enjoyment •” it might be exceedingly difficult to ascertain the value of such respective interests. But suppose the case of a controverted title, or conflicting and adverse interests, can it be supposed that the legislature intended to erect these commissioners into a tribunal to determine the respective rights of the parties. But it is asked how are these plaintiffs to know to what proportion of the award each is entitled, or in ease they are driven to prosecute for their respective proportions what sum they are to recover. I answer that if their respective interests in the sum awarded is not so well defined by their respective interests in the lands as to enable them by agreement among themselves to make the apportionment, it never was designed by the legislature that the commissioners should determine them and a court either of law or chancery is the proper place to resort to have them defined.
What I have said will also apply to the eighth and last exception.
My opinion therefore is that the proceedings of the commissioners be affirmed and judgment be rendered for the defendants in. Certiorari with costs.

Report confirmed.